[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO THE ATTORNEY'S FEES
This court, by decision of October 31, 1997 determined that the defendant is entitled to Attorney's fees for her successful defense of the non-city related contract, on the basis of CUTPA, General Statutes § 42-110 et sec. The defendant had submitted to the court her entire bill for the entirety of the litigation, in the amount of $55,301.10.
This court determined, in its memorandum of decision of October 31, 1997 that counsel fees were not to be awarded for the entirety of the litigation, but were to be awarded solely as to that part of the litigation in defense of the plaintiff's claims on the private contract, but were not to be awarded as concerns the city-related contract. Nor were fees to be awarded on the counterclaim for substandard work performance, a claim upon which the defendant did not prevail. The court conducted an evidentiary hearing in February 1998, the delay of which was understandably due to the attorneys' conflicting schedules.
The defendant, at said hearing, submitted an itemized attorney's bill in the amount of $19,413.50 for the non-city related contract, eliminating therefrom the quality-of-work-performance portion of the litigation. The itemized bill consists of a fifteen page itemization of all of the hours and parts thereof by the seven lawyers and paralegals who worked on this claim, identifying each increment of time by the initials of the person who performed the work. The hourly rates ranged from $150 per hour from the then experienced attorneys, $100 per hour for associate attorneys and $55 per hour for paralegal work. The court accepts these hourly fees as fair, reasonable, and customary for such professionals in their respective capacities.
Attorney Croce, a then associate attorney, no longer with the firm, testified as to his work as set forth in the bill. Attorney Purtill testified as to his work and the work of others.
The breakdown of the bill, defendant's exhibit 2 at this CT Page 3629 hearing, does not include any time spent concerning the assembling and prosecution of the counterclaim concerning workmanship. To the extent that there may be overlapping in some circumstances, whereby the same work was required as to both the city related and the non-city related work, accruing to the benefit of both claims, the fees are apportioned between both claims. In no event, under these circumstances, is more than fifty percent charged to the non-city related claim.
The court finds that the total amount of time devoted to the non-city related contract, 160.12 hours at a charge of $19,413.50, is fair and reasonable. The total bill for all services rendered was $53,605.50. The court determines that the defendant has clearly demonstrated the amount of fair and reasonable charges for the attorney's fees for work performed in the non-city related contract, per the court's memorandum of decision of October 11, 1997.
The court grants the defendant's motion for attorney's fees and enters judgment therefore in the amount of $19,413.50.
L. Paul Sullivan, J.